The Honorable Ron Kincade Prosecuting Attorney Fourteenth Judicial District 701 South Church Street Mountain Home, Arkansas 72653
Dear Mr. Kincade:
I am writing in response to your request for an opinion on the appropriate use of funds currently held by the Newton County Library Board. As background for your question, you explain that Newton County withdrew from the North Arkansas Regional Library Board in 2000. Upon withdrawal, the regional library board "reimbursed" Newton County approximately $20,000, "which was invested in a certificate of deposit. . . . . The monies received by the [regional library board] came from state tax monies and fees paid by local libraries. The Newton County Library Board would like to cash this certificate of deposit and use it for library construction." Referencing some of the applicable statutes, you state: "The situation that the Newton County Library Board finds itself [in] is that these funds, or at least partially, were originally State Funds . . . and some came from Quorum Court appropriations to the Regional Public Library under A.C.A. [§ ] 13-2-404(a)(4)."
With this background in mind, you ask:
 Given the above fact scenario, do the funds given to the Newton County Library Board upon their [withdrawal] from the Regional Library Board constitute funds from a gift, bequest, devise, or donation or from fees or fine to the extent that the Newton County Library Board may use them for construction purposes under A.C.A. [§ ] 13-2-404(b)(2)? *Page 2 
RESPONSE
In my opinion, the answer to your question is "no." Subsection13-2-404(b) states:
 (b)(1) Funds received by the county public library by gift, bequest, devise, or donation or from fees or fines may remain in the custody of the county library board, if a board has been created, or deposited with the county treasurer for the county public library fund if the county library board so chooses or if a board has not been created.
 (2) Funds retained by the county library board shall be used by it for the establishment, expansion, construction, maintenance, and operation of the county library.
A.C.A. § 13-2-404(b) (Repl. 2003).
Subsection (b)(1) prescribes the types of moneys that must be held by a county library board if such an entity exists. Subsection (b)(2) prescribes the proper use of those types of moneys.
Your question asks whether the reimbursement money qualifies for the type of funds described in (b)(1), namely: "a gift, bequest, devise, or donation or fees or fine." The answer to this question, in my opinion, is "no." This office has previously opined that state aid to libraries likely does not constitute "a gift, bequest, devise, or donation or fees or fine." See Op. Att'y Gen. 1990-251. In that opinion, my predecessor determined that state aid to libraries is best classified as a "tax," and thus falls under A.C.A. § 13-2-404(a)(1): "[a]ll tax and county-appropriated funds of the county public library shall be in the custody of the county treasurer. . . ."
Similarly, the portion of the reimbursement that constitutes quorum court appropriations falls into subsection 13-2-404(a)(1) because of that subsection's use of the phrase "county-appropriated funds." As stated in your background facts, the reimbursement amount consists of intermingled state aid and county-appropriated funds. Therefore, the entire reimbursement amount does not qualify as "a gift, bequest, devise, or donation or fees or fine." Consequently, the answer to your question is "no," in my opinion. *Page 3 
Assistant Attorney General Ryan Owsley prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General *Page 1